In the Matter of the Application of MANHATTAN RAILWAY COMPANY, Appellant, *v.* EDWARD D. FARRELL and Others, Respondents, Relative to Acquiring Title to Certain Real Property Located in the City of New York, County of Bronx.

In the Matter of the Application of INTERBOROUGH RAPID TRANSIT COMPANY, Appellant, *v.* KATE MULLER and Others, Respondents, Relative to Acquiring Title to Certain Real Property Located in the City of New York, County of Bronx.

First Department, November 23, 1917.

**Eminent domain — condemnation proceedings — venue to be laid in county in which property is located.**

The appropriate county in which to lay the venue of and try proceedings for the condemnation of easements in real property is the county in which the property or the bulk thereof is located.

Hence, where, pending determination of preliminary objections by property owners to proceedings instituted in the county of Bronx to acquire street easements for the improvement and extension of railway lines, the justice to whom the questions involved had been submitted died, the proceedings should be continued in said county and not in the adjoining county of New York, notwithstanding the provisions of section 3361 of the Code of Civil Procedure, authorizing such proceedings to be presented in the judicial district where the property or some portion thereof is situated.

APPEALS by the plaintiff in each case, Manhattan Railway Company and Interborough Rapid Transit Company, respectively, from orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of March, 1916, granting defendants' motions to continue these proceedings and setting them down for trial.

*J. Osgood Nichols,* for the appellants.

*Banton Moore,* for the respondents.

SHEARN, J.:

The appellant instituted these proceedings in the county of Bronx to acquire street easements required for the improvement and extension of its elevated railway lines. Certain of the defendants, property owners, appearing specially, filed affidavits in support of certain preliminary objections, pending determination of which Mr. Justice BRADY, to whom the questions involved had been submitted, died. Shortly thereafter, on February 11, 1916, on behalf of the defendants who had filed preliminary objections, a motion was made returnable February 21, 1916, not in Bronx county, where the proceedings had been instituted and were pending, but in the county of New York, that the proceedings be continued for all purposes at Special Term, Part 3, of the Supreme Court in the county of New York. Thereupon, and prior to the hearing of said motion, the appellant made a similar motion, returnable March 6, 1916, at a Special Term of the Supreme Court, Bronx county, asking that the proceedings be resubmitted for a hearing and be continued before the court in the county of Bronx. In opposing the granting of the motion to continue in New York county the appellant filed affidavits showing that its motion to continue was pending

in the county of Bronx and urged that the appropriate county in which to continue the proceedings was the county in which all of the real property affected was located. The learned justice at Special Term, correctly finding that section 3361 of the Code of Civil Procedure authorizes proceedings instituted pursuant to the Condemnation Law to be presented to a Special Term of the Supreme Court held in the *judicial district* where the property or some portion of it is situated, felt constrained to grant the motion as made, there being no apparent prejudice to the plaintiff in having the proceedings tried in New York county instead of in Bronx county. Considering the nature of proceedings such as these, the residence of most of the numerous owners of property involved, the convenience of witnesses, the relative volume of judicial business in the different counties, the rule long established and generally in force that the appropriate forum for the trial of causes affecting real estate is where the property is located, and, especially, the fact that these proceedings were instituted in the county of Bronx, where the property is located, we are of the opinion that correct practice required the proceedings to be continued in the county of Bronx. While in these particular cases the matter of the venue was not of serious moment, the precedent might develop into a very vexatious one if the court sanctioned the practice of having condemnation proceedings affecting property in Bronx county transferred to and tried in the county of New York and *vice versa*. The appropriate county in which to lay the venue of and try proceedings for the condemnation of easements in real property is the county in which the property, or the bulk thereof, is located. It follows that the orders appealed from should be modified by providing that the proceedings be continued for all purposes in the county of Bronx and set for trial at a Special Term of the Supreme Court in the county of Bronx on the 3d day of December, 1917, and as so modified, the orders should be affirmed, without costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Orders modified as directed in opinion and as so modified affirmed, without costs. Order to be settled on notice.